**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James David Busby, Appellant.

Appellate Case No. 2019-001274

---

Appeal From Chesterfield County
Paul M. Burch, Circuit Court Judge

---

Unpublished Opinion No. 2022-UP-239
Submitted April 1, 2022 – Filed June 8, 2022

---

**AFFIRMED**

---

Elizabeth Anne Franklin-Best, of Elizabeth
Franklin-Best, P.C., of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., both of Columbia; and Solicitor William Benjamin
Rogers, Jr., of Bennettsville, all for Respondent.

---

**PER CURIAM:** James D. Busby appeals his convictions for voluntary manslaughter, armed robbery, and possession of a weapon during the commission of a violent crime and sentences of thirty years' imprisonment, fifteen years'

imprisonment and five years' imprisonment, respectively. On appeal, Busby argues the trial court abused its discretion by not suppressing evidence found in Busby's vehicle because the evidence was obtained from a search that violated his rights under the Fourth Amendment of the United States Constitution and the South Carolina Constitution. We affirm.

We hold the trial court did not abuse its discretion by denying Busby's request to suppress evidence obtained from the search of his vehicle because the totality of the circumstances supported the trial court's finding Busby voluntarily consented to the search. *See State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Missouri*, 361 S.C. 107, 111, 603 S.E.2d 594, 596 (2004) ("When reviewing a Fourth Amendment search and seizure case, an appellate court must affirm the trial [court's] ruling if there is any evidence to support the ruling."); *Palacio v. State*, 333 S.C. 506, 514, 511 S.E.2d 62, 66 (1999) ("The constitutional immunity from unreasonable searches and seizures may be waived by valid consent."); *id.* ("Warrantless searches and seizures are reasonable within the meaning of the Fourth Amendment when conducted under the authority of voluntary consent."); *State v. Greene*, 330 S.C. 551, 557, 499 S.E.2d 817, 820 (Ct. App. 1997) ("Whether a consent to search was voluntary or the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of the circumstances."); *id.* ("A trial judge's conclusions on issues of fact regarding voluntariness will not be disturbed on appeal unless so manifestly erroneous as to be an abuse of discretion."); *Palacio*, 333 S.C. at 514, 511 S.E.2d at 66 ("On a motion to suppress, the State has the burden of proving the validity of the consent."); *see e.g., State v. Mattison*, 352 S.C. 577, 585, 575 S.E.2d 852, 856 (Ct. App. 2003) (rejecting the defendant's contention that "the fact that he was 'surrounded' by a drug dog and four police officers with squad cars flashing blue lights demonstrated a 'show of force' that indicate[d] coercion").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.